UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN E. RAVENOLA,

      Plaintiff,

v.                                           Case No.

WAUWATOSA SCHOOL DISTRICT
(Board of Education),

      Defendant.

---

## COMPLAINT

### I. NATURE OF ACTION

1. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Family and Medical leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (FMLA), and 42 U.S.C. § 1983 to remedy Defendant's violations of Plaintiff John Ravenola's rights under the Acts and the Fourteenth Amendment to the U.S. Constitution.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331.

3. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b) and (c) because the employment practices involved in this dispute occurred in Milwaukee County, Wisconsin, and thus venue is proper in the Eastern District of Wisconsin.

1

### III. PARTIES

4. Plaintiff John Ravenola was an employee of the Wauwatosa School District (Board of Education) and currently resides in Wauwatosa, Wisconsin.

5. Defendant Wauwatosa School District (Board of Education) was and is an employer within the meaning of the Title VII of the Civil Rights Act of 1964 (Title VII), the Family and Medical leave Act of 1993 (FMLA), and the U.S. Constitution.

### IV. CONDITIONS PRECEDENT

6. All conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

### V. FACTS

7. From 1998 through 2016 Plaintiff John Ravenola was employed by the Defendant Wauwatosa School District (Board of Education), as a physical education teacher; initially he was hired as a part-time teacher, but eventually he was hired as full-time teacher.

8. On or about November 2, 2015, Ravenola asked to use his accumulated sick leave days to care for his domestic partner and fiancé, Deborah Nykiel.

9. In November 3, 2015, Nykiel was diagnosed with colon cancer; the prognosis was not good.

10. Initially, Ravenola was denied the opportunity to use his accumulated sick leave days to care for Nykiel, but later Ravenola was allowed to use two weeks of paid leave time pursuant to Wisconsin's Family Medical Leave Act.

11. However, Ravenola was told that once the leave to which he was entitled under Wisconsin's Act ran out, he would no longer be eligible to use his paid leave time to care for Nykiel.

12. Craig Hubbell of Defendant's Human Resources Department informed Ravenola that Ravenola would have to take leave without pay in order to care for Nykiel instead of paid leave time.

13. The District did have a policy which allowed married heterosexual spouses to use up to half of their accumulated sick leave time to care for a spouse, child, or parent.

14. Under that same policy, the District similarly allowed unmarried same-sex domestic partners to use sick leave time to care for their domestic partners, as long as the partners were registered as domestic partners within the county in which the employee resided.

15. Ravenola lived and worked in Milwaukee County, and still resides in Milwaukee County.

16. Milwaukee County's domestic partnership registry was created pursuant to Wis. Stat. s. 770.07, which required each clerk of court to create a domestic partnership registry in each county.

17. The state statute specifically maintained that only same-sex partners were eligible to register as domestic partners. See Wis. Stat. s. 770.05(5).

18. The School Board considered extending the policy to cover Ravenola's circumstances, but decided against doing so in its meeting on or about November 23, 2015.

19. Thus, Ravenola's only options, according to the Human Resources representative Craig Hubbell, were to 1) request unpaid leave through the end of January, and decide at that point whether to retire; 2) retire immediately, or 3) request unpaid leave through the end of the school year, and decide at that point whether to retire.

20. Hubbell took the position that if Ravenola decided to request leave without pay through the end of the school year, that Ravenola would be required to pay his own health and dental insurance premiums.

21. Hubbell also maintained that a leave through the end of the year would have to be approved by the School Board, and he shared that he did not think that the School Board was likely to agree to such an extended leave.

22. Hubbell never offered Ravenola the option of taking paid leave time under the federal Family and Medical Leave Act for Ravenola's own serious health condition, specifically, the depression and sadness he felt regarding the poor prognosis for his partner, Deborah Nykiel; indeed, Ravenola felt both emotionally and physically ill and attempted to see his cardiologist, with no luck; he was in no shape to work.

23. Ravenola was forced to resign in order to apply for retirement benefits because he and Nykiel could not afford to live without an income.

24. Ravenola was informed that it would take six months to start receiving Wisconsin Retirement system benefits after filing, so he filed for his retirement benefits

through the Social Security system and obtained disbursements from his Individual Retirement Account.

25. His retirement as a teacher was effective February 1, 2016.

26. Deborah Nykiel died on February 4, 2016.

27. As a result of his forced retirement, Ravenola had significant losses, as his monthly retirement income from Social Security and the Wisconsin Retirement System would have been much higher if he had been able to work longer.

28. In addition, the value of his Individual Retirement Account would have continued to grow at a faster rate because there would have been more principal on which he would have earned interest.

29. On information and belief, some of the funding for the provision of educational services by the Wauwatosa School District (Board of Education) is provided by the federal government.

## VI.  VIOLATIONS OF LAW

30. Defendant Wauwatosa School District (Board of Education) interfered with, restrained and effectively denied Ravenola's rights under the Family and Medical Leave Act when the District failed to offer, suggest or otherwise provide him with notice that he might be eligible to use his sick leave for a leave pursuant to the Family and Medical Leave Act, and that Ravenola should seek certification of his own serious health condition.

31. Defendant Wauwatosa School District (Board of Education) violated Ravenola's rights under Title VII of the Civil Rights Act of 1964, and the Fourteenth Amendment to the U.S. Constitution by engaging in discrimination on the basis of sex

and sexual orientation when the District failed to allow him leave to which he would otherwise have been entitled if the District had not engaged in discrimination, prompting his constructive discharge from the District.

## VII.  DAMAGES AND EQUITY

A.   Damages

33.   By virtue of Defendant's unlawful actions against the Plaintiff, the plaintiff has sustained lost wages, future lost earning capacity, physical, mental and emotional distress, community humiliation and loss of reputation, for all of which he seeks compensatory damages in amounts deemed just by the Court.

B.   Equity

34.   For some of his injuries, the plaintiff has no plain, adequate or speedy remedy at law and thus he invokes the Court's equitable jurisdiction to award declaratory and injunctive relief against the Defendant.  Specifically, Plaintiff requests that the Defendant be enjoined from applying or enforcing any practice which results in discrimination on the basis of sex or sexual orientation in the use of leave to care for a domestic partner.

## VIII.   JURY DEMAND

35.   Plaintiff hereby demands a trial by jury of all issues triable of right to a jury herein.

## IX. PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment awarding him compensatory and liquidated damages in amounts deemed just by the Court, make-whole equitable relief, and the reasonable costs and expenses of this action including a reasonable attorney's fee, as well as such other and further relief as may be just. This shall include, but not be limited to, an order that the Wauwatosa School District (Board of Education) be enjoined from applying or enforcing any practice which results in discrimination on the basis of sex or sexual orientation in the use of leave to care for a domestic partner.

Date:   October 23, 2017

s/ Brenda Lewison

Attorney Brenda Lewison
SBN:   1025079

Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Suite 1410
Milwaukee, WI  53203-1918
(414) 273-1040 x 14
(414) 273-4859 FAX
lewisonlaw@yahoo.com

ATTORNEY FOR THE PLAINTIFF