UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN RAVENOLA,

    Plaintiff,

v.                              Case No: 17-C-1452

WAUWATOSA SCHOOL DISTRICT,

    Defendant.

## JOINT FED. R. CIV. P. 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), the applicable local rules, and the Court setting a Rule 16 scheduling conference for March 7, 2018, at 11:40 a.m. in the above-captioned matter, a meeting was held via telephone on February 14, 2018, between Brenda Lewison, counsel for Plaintiff, John Ravenola, and Oyvind Wistrom, counsel for Defendant, the Wauwatosa School District. The parties prepared the following report.

1.    **Nature of the Case**

This is a complaint for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* the Family and Medical Leave Act of 1993, 29 U.S.C § 2601, *et seq*. and 42 U.S.C. § 1983 to remedy alleged violations of Plaintiff's rights under the Acts and the Fourteenth Amendment to the U.S. Constitution. Plaintiff contends that Defendant intentionally discriminated against him in the denial of paid sick leave benefits to care for his ill fiancé on account of his gender (male) and sexual orientation (heterosexual) based on the District policy's definition of a "Domestic Partner."

Defendant denies all of Plaintiff's allegations, including the allegation that Defendant discriminated against him in violation of the applicable laws and assert various affirmative defenses. Defendant maintains that even if Plaintiff's fiancé was his "domestic partner" under the District's policy, Plaintiff was afforded all of the paid sick leave to which he would have been otherwise entitled. The District's application of the policy did not discriminate against Plaintiff on account of his gender or sexual orientation.

The parties agree that this Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being one arising under federal laws.

2. **Names of any related cases.**

None.

3. **A specific statement of the material factual and legal issues to be resolved at trial.**

Issues to be resolved via dispositive motions and/or at trial may include the following: (1) whether Defendant discriminated against Plaintiff in the terms and conditions of his employment because of his gender; (2) whether Defendant discriminated against Plaintiff in the terms and conditions of his employment because of his sexual orientation; (3) whether Defendant interfered with Plaintiff's right to take leave for his own serious health condition under the FMLA; (4) whether Plaintiff suffered an adverse employment action; (5) whether Plaintiff was constructively discharged; and (6) the extent of Plaintiff's damages, if any.

4. **A description of any amendments to the pleadings.**

The parties do not contemplate any additional amendments to the pleadings at this time. However, as discovery progresses, one or more of the parties may request that the pleadings be further amended to conform to the evidence consistent with the Federal Rules of Civil Procedure.

5.  **The identity of any new parties to be added.**

The parties do not anticipate adding new parties to this matter at this time.

6.  **The estimated trial length.**

The parties estimate the trial of this case will last approximately 2-3 days.

7.  **Other matters affecting the just, speedy, and inexpensive disposition of this case.**

The parties do not propose that the Court consider any additional methods of expediting the resolution of this matter.

8.  **Discovery Plan.**

    a.  The parties shall exchange initial disclosures on or before March 9, 2018. The parties do not otherwise see the need to change the timing, form, or requirement for disclosures under Rule 26(a).

    b.  The parties anticipate that discovery will be necessary on liability as well as damages. While the parties believe that general discovery on damages is appropriate prior to the issuance of the Court's decision on summary judgment, the parties request that if summary judgment is denied, the parties be provided with additional time in which to conduct discovery only with respect to damages, to name expert witnesses with respect to damages and conduct discovery and take the depositions of any such experts.

    c.  The parties agree that electronic discovery shall be produced in either hard copy or PDF format at the discretion of the producing party. If one party requests production of ESI in its native file format, and if such request is reasonable and necessary, the parties agree to coordinate and work with one another to produce such information in the most useable and cost-effective manner.

    d.  The parties agree that the following procedures shall govern privileged

3

materials. If information protected from disclosure by the attorney-client privilege or work product doctrine is disclosed without intent to waive the privilege or protection, within fourteen (14) days after discovery of the inadvertent production, the producing party may amend its discovery response and notify the other party that such information was inadvertently produced and should have been withheld. Once the producing party provides such notice, the recipient must promptly return the specified information without retaining any copies. The recipient cannot assert that the production waived the privilege protection; however, the recipient does not waive the right to challenge the assertion of the privilege and seek a court order denying such privilege.

e. The parties at this time do not foresee requiring changes to the scope, timing, or limitation of discovery. The number of interrogatories, requests for admissions, and requests for production of documents, the response deadlines, and the number and length of depositions, shall be as set forth in the Federal Rules of Civil Procedure.

f. The parties do not request any additional orders pursuant to Rule 26(c) or under Rule 16(b) and (c).

9. **Disclosure of liability experts.**

Plaintiff: July 1, 2018; Defendants: August 2, 2018.

10. **Discovery cutoff.**

November 30, 2018.

11. **Deadline for filing dispositive motions.**

January 5, 2019.

12. **Trial.**

The parties anticipate being ready for trial sometime after April 2019.

13. **Contact Information for Scheduling Conference.**

Attorney Brenda Lewison will participate in the Rule 16(f) conference on behalf of Plaintiff. She can be reached at (414) 273-1040. Attorney Oyvind Wistrom will participate on behalf of Defendant. He can be reached at (414) 273-3910.

Dated this 23rd day of February, 2018.

                              LAW OFFICES OF ARTHUR HEITZER
                              Counsel for the Plaintiff

                              /s/ Brenda Lewison
                              Brenda Lewison

Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Suite 1410
Milwaukee, WI 53203-1920
(414) 273-1040
lewisonlaw@yahoo.com

Dated this 26th day of February, 2018.

                              LINDNER & MARSACK, S.C.
                              Counsel for Defendant

                              /s/ Oyvind Wistrom
                              Oyvind Wistrom

LINDNER & MARSACK, S.C.
411 East Wisconsin Avenue
Suite 1800
Milwaukee, WI 53202-4498
(414) 273-3910
owistrom@lindner-marsack.com